IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERGIO L. SHAW,

                                                                  ORDER

            Plaintiff,

                                                 09-cv-780-bbc

     v.

MEG SCHNABLE and BRIAN HEALY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated January 11, 2010, I allowed plaintiff Sergio Shaw to proceed on a claim that defendants Meg Schnable and Brian Healy had subjected him to unconstitutional conditions of confinement while he was housed at the Waukesha County jail in January 2009. Now before the court is defendants' motion to dismiss the case for improper venue, or, in the alternative to transfer the case to the Eastern District of Wisconsin.

      Under 28 U.S.C. § 1391(b), when a case is brought under federal law, venue is proper in a district if (1) any defendant resides there (so long as all defendants live in the same state); (2) a substantial part of the events giving rise to the lawsuit occurred there; or (3) any defendant may be "found" there (but only if there is no other district where the lawsuit

1

could be brought).

In their motion defendants observe correctly that plaintiff alleges in his complaint that all relevant events took place at the Waukesha County jail. However, they also state that "[t]he defendants are alleged to reside in the Western District of Wisconsin and not in the Eastern District of Wisconsin." Dkt. #12, at 2. That sentence is inconsistent with defendants' motion. Under § 1391(b)(1), if either defendant resides in the Western District of Wisconsin, venue is proper here.

Defendants may have meant to state that they reside in the Eastern District, but I cannot simply assume that to be the case. Plaintiff's complaint does not help because he does not include any allegations about defendants' residence. Because the facts are unclear, I will give the parties an opportunity to supplement the record with evidence regarding where defendants reside.

ORDER

IT IS ORDERED that the parties may have until February 24, 2010 to submit

2

affidavits or other evidence showing defendants' county of residence.

Entered this 9th day of February, 2010.

> BY THE COURT:
>
> /s/
>
> _____
> BARBARA B. CRABB
> District Judge